## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **PRIME HEALTHCARE SERVICES—** | ) | |
| **MONROE, LLC**, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 1:16-cv-0003-RLY-DKL** |
| **vs.** | ) | |
| | ) | |
| **INDIANA UNIVERSITY HEALTH** | ) | |
| **BLOOMINGTON, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

*Entry on Plaintiff's Motion for Leave to Amend Complaint* [doc. 37]

District Judge Richard L. Young granted the Motion to Dismiss of Defendant Indiana University Health Bloomington, Inc. ("IU Health Bloomington") and dismissed Count I of the Complaint, which alleged violations of the federal antitrust laws, with prejudice. [Doc. 35.] Concluding that the State of Indiana through its Emergency Medical Services Commission ("EMS Commission") actively supervises emergency medical transportation services, Judge Young held that IU Health Bloomington was exempt from federal antitrust liability under the state-action doctrine. [*Entry Def's Mot. Dismiss*, doc. 35 at 17-20.]

Thereafter, Plaintiff filed its *Motion for Leave to Amend Complaint*, seeking to allege additional facts relating to the lack of active supervision by the EMS Commission. Defendant opposes the motion, which has been referred to the undersigned for ruling by

Judge Young.  Plaintiff also moved the Court to reconsider its dismissal of Count I; that motion, however, is before Judge Young.

In seeking leave to amend, Plaintiff asserts that the proposed complaint alleges facts it learned after the filing of the original Complaint.  Plaintiff argues that it has satisfied the liberal standard under Federal Rule of Civil Procedure 15(a)(2).  That rule provides that leave to amend shall be freely granted.  *See* Fed. R. Civ. P. 15(a)(2).

However, Plaintiff ignores Rule 16(b)(4), which requires a showing of "good cause" for modifying scheduling orders.  Fed. R. Civ. P. 16(b)(4); *see Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016) ("'To amend a pleading after the expiration of the trial court's scheduling order deadline to amend pleadings, the moving party must show 'good cause.'") (quoting *CMFG Life Ins. Co. v. RBS Secs., Inc.*, 799 F.3d 729, 749 (7th Cir. 2015)).  When a party seeks leave to amend after the deadline for amendments has expired, the district court may "'apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) [are] satisfied.'"  *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (quoting *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 6(b)(1)(B) (requiring "good cause" and "excusable neglect" to extend a deadline after it expires).

Under the Court's scheduling order, all motions for leave to amend the pleadings were due to be filed by June 6, 2016.  [*Case Management Plan approved as amended*, doc. 20, page 4, section III.D.]  *Plaintiff's Motion for Leave to Amend* was filed on October 28, 2016, almost five months after the deadline had expired.

Yet Plaintiff had received the information on which its "new" allegations are based in March, April, and, at the latest, May 24, 2016. [*See Decl. Ryan M. Hurley*, doc. 45 at 1-2, ¶¶ 2, 5-6 (stating that Monroe County and Indiana Department of Homeland Security provided documents in response to Monroe Hospital's Access to Public Records Act requests on March 8 and 31, 2016, and April 14, 2016); *id.* at 3, ¶ 9 (stating that IU Health Bloomington's NEMSIS ambulance and run report data was produced to Monroe Hospital on May 24, 2016); *see also Decl. Michael W. McBride*, doc. 48 at 2, ¶ 5 (indicating that IU Hospital produced discovery responses for ambulance runs and other documents between May 23 and July 8, 2016).] Plaintiff did not seek leave to amend at that time or shortly thereafter. Nor did Plaintiff seek an enlargement of the deadline for amendments in order to allow it additional time to review the information provided to determine whether an amendment was appropriate.

In addition, Defendant had filed its motion to dismiss on February 26, 2016; Plaintiff filed its response on April 4, 2016; and a reply was filed April 26, 2016. The motion was pending until September 30, 2016, but Plaintiff did not seek leave to amend its complaint during the intervening five months. The pendency of the motion to dismiss did not preclude Plaintiff from seeking leave to amend; nor did it justify waiting until after a ruling. *See, e.g., Arcelormittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 WL 4884195, at *2 (N.D. Ind. Sept. 15, 2016).

Generally a plaintiff is given an opportunity to amend a complaint that has been dismissed under Rule 12(b)(6), *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015), but Plaintiff has not shown good cause for allowing

the amendment after the deadline for amendments has expired *and* several months after

Plaintiff had received the information on which its "new" allegations are based.

Accordingly, *Plaintiff's Motion for Leave to Amend Complaint* [doc. 37] is **denied**.

**SO ORDERED**:  12/08/2016

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Electronic Distribution to All Counsel of Record

4